

FILED

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICANOR E. CASUMPANG, Jr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HAWAIIAN COMMERCIAL AND SUGAR COMPANY; et al., <br><br> Defendants-Appellees. | No. 14-17086 <br><br> D.C. No. 1:12-cv-00694-ACK-BMK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted February 16, 2018**
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Nicanor Casumpang appeals the district court's orders granting summary judgment to International Longshore and Warehouse Union (ILWU) and his former employer, Hawaiian Commercial and Sugar Company (HC&S).

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in denying Casumpang's motion for additional discovery under Federal Rule of Evidence 56(d). Casumpang failed to raise the motion before the summary judgment hearing, and failed to submit affidavits in support of his request. "Failure to comply with these requirements is a proper ground for denying relief." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Even if Casumpang had been proceeding as a pro se litigant, he was not relieved from the obligation of complying with the summary judgment rules. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Although Casumpang claims that ILWU was motivated by its desire to suppress his protected speech, the essence of Casumpang's claim is that ILWU refused to arbitrate his grievances in retaliation for his expression of his views. Because Casumpang's claim challenges "the union's representation of the employee in grievance-and-arbitration procedures," the district court properly characterized the claim as a fair representation claim, *Reed v. United Transp. Union*, 488 U.S. 319, 331 (1989), which is subject to the six month statute of limitations in 29 U.S.C. § 160(b), *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 168–72 (1983).

Casumpang's fair representation claims against ILWU are barred by the six-month statute of limitations.  Casumpang's first amended complaint admits he knew ILWU would not pursue "any of his grievances" by May 8, 2012.  "Factual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them," *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988), and Casumpang does not explain why this admission regarding his knowledge was clearly untrue.  Because Casumpang's cause of action accrued when he "learned of the union's decision" not to arbitrate, *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986), which occurred no later than July 3, 2012, when ILWU denied the appeal of his remaining claims, his first amended complaint filed on July 22, 2013 was untimely.[1]

The district court did not err in holding Casumpang's Hawaii Whistleblower Protection Act claims against HC&S are preempted by the National Labor Relations Act (NLRA) under *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236 (1959), and its progeny.  Casumpang alleges that HC&S retaliated against him for filing grievances and for reporting or threatening to report OSHA violations, both of which constitute concerted action.  "No one

---

[1] The district court held that the first amended complaint does not relate back to the original complaint under Federal Rule of Civil Procedure 15(c), and Casumpang does not dispute this conclusion on appeal.

doubts that the processing of a grievance . . . is concerted activity," *N.L.R.B. v. City Disposal Sys. Inc.*, 465 U.S. 822, 836 (1984), and Casumpang's effort to report OSHA violations was concerted activity because the district court found it was taken "on behalf of other HC&S employees and [sought] to improve an unsafe work environment."[2] Because HC&S has shown that Casumpang "arguably" engaged in protected, concerted activities under § 7 of the NLRA, 29 U.S.C. § 157, HC&S's alleged retaliation would be an unfair labor practice under § 8, *id.* § 158. When "the activities which a State purports to regulate" are "arguably" protected by § 7 of the NLRA, or "constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield." *Garmon*, 359 U.S. at 244–45.

The local interest exception to *Garmon* preemption does not apply. Casumpang's state law claim was substantially the same as his unfair labor practice charge against HC&S alleging his employer retaliated against him for filing grievances and reporting safety concerns. Because "[t]he risk of interference with the Board's jurisdiction is . . . obvious and substantial" when the same issues brought to the National Labor Relations Board are raised in a state court complaint, Casumpang cannot "relitigate the question" under state law. *Local 926, Int'l Union*

---

[2] Casumpang does not dispute this finding on appeal.

*of Operating Eng'rs v. Jones*, 460 U.S. 669, 683 (1983); *see Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978)*.*

    **AFFIRMED.**